

Jacob Z. Weinstein, Esq.                                                    Israel D. Weinstein, Esq.*
Direct: 646-450-3484                                                           Direct: 212-810-2143
E-Mail: Jacob@WeinsteinLLP.com                            E-Mail: Israel@WeinsteinLLP.com
                                                                                              *Also Licensed In New Jersey*

February 2, 2021

<u>VIA ECF</u>
Magistrate Judge Ramon E. Reyes Jr.
United States District Court
Eastern District of New York
225 Cadman Plaza East, Rm. N208
Brooklyn, New York 11201

                     Re:     *The H Roller Group, LLC v. C & S Global, et al.*,
                                 20-cv-05268 (NGG) (RER)

Magistrate Reyes,

        Our firm represents The H Roller Group, LLC (hereinafter "Plaintiff") in the above-mentioned matter. As directed by Your Honor, this letter-motion is in response to Defendant Barry Roy Feerst (hereinafter "Defendant") letter motion to Vacate the Certificate of Default entered by the Clerk of the Court. Presumably, Defendant's motion is an opposition to Plaintiff's Motion for Default Judgement pending before Your Honor.

        Fed. R. Civ. P. 55(a) provides that a default may be entered against a party against whom a judgment for affirmative relief is sought and who "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(c) provides that "[t]he court **may** set aside an entry of default for good cause shown." (emphasis added). "A motion under Rule 55(c) to set aside an entry of default is addressed to the sound discretion of the district judge." *Marziliano v. Heckler*, 728 F.2d 151, 156 (2d Cir. 1984). The Second Circuit has directed district courts to consider three factors in deciding whether to relieve a party from default: (1) whether the default was willful; (2) whether the moving party has presented a meritorious defense; and (3) whether setting aside the default would prejudice the non-defaulting party. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993).

### I.     <u>Willful Default</u>

        The Second Circuit has stated that "the court may find a default to have been willful where the conduct of counsel or the litigant was egregious and was not satisfactorily explained." *SEC v. Mcnulty*, 137 F.3d 732, 738 (2d Cir. 1998). "In order to establish a finding of willfulness, there is no requirement that the party acted in bad faith, but rather `it is sufficient that the defendant defaulted deliberately.'" *Murray Eng'g, P.C. v. Windermere Props. LLC*, No. 12-cv-0052, 2013 WL 1809637, at *4, 2013 U.S. Dist. LEXIS 61877, at *12 (S.D.N.Y. Apr. 30, 2013) (quoting

*Gucci Am., Inc. v. Gold Ctr. Jewelry*, 158 F.3d 631, 635 (2d Cir.1998)); *see also Simmons v. Sea Gate Ass'n*, No. 12-cv-4949, 2013 WL 5774594, at *5, 2013 U.S. Dist. LEXIS 153014, at *8-9 (E.D.N.Y. Oct. 24, 2013) (explaining that, before a finding of willfulness, "a court must be persuaded that the party made a strategic decision and deliberately chose not to appear" (internal quotation marks omitted)).

Moreover, "[d]istrict courts in this Circuit [] have held that attorney or client carelessness does not constitute excusable neglect." *American Alliance Ins. Co., Ltd. v Eagle Ins. Co.*, 92 F.3d 47, 61 n.1 (2d Cir. 1996). Denial of a motion to vacate a default may be appropriate where defendants state that the reason for their "counsel's failure was unknown and the defendants [provide] no evidence to suggest that they had ever made any efforts to determine that counsel was tending to the lawsuit." *McNulty*, 137 F.3d at 739. Where there is no "indication of client diligence," *Cirami*, 535 F.2d at 741, courts will be more apt to find a party's inaction to be willful. Courts have also held the default to be willful when a defendant simply ignores a complaint without action, or when a lawyer neglects a case for an extended period of time." *Brown v. DeFilippis,* 695 F. Supp. 1528, 1530 (S.D.N.Y. 1988) (citations omitted).

In the instant matter, **Defendant is an attorney**. His sole claim for lack of service rooted in a claim is that he moved from his office ***and did not check the mail at his office for at least three months***. This is a preposterous position. As stated in the Affidavit of Service, not only was there "Nail and Mail" but an actual mailing to Defendant's location of 194 S 8th Street, Brooklyn, New York 11211. Importantly, as of February 1, 2021, Defendant who is licensed to practice law in the State of New York, maintains via the New York State Unified Court System that his office location is 194 S 8th Street, Brooklyn, New York 11211. *See Exhibit A*. Additionally, it is clear that Defendant did and does receive his mail, because he is only now responding to the instant motion for default judgment, likely based on the mailing for said motion by Plaintiff. It is far more likely that Defendant intentionally did not respond to the Complaint, with strategic intent to make the instant motion. Such conduct is not excusable. "An unexcused or unexplained failure to provide an answer to the Complaint will itself demonstrate willfulness," *United States v. Silverman*, 15-CV-0022, 2017 WL 745732, at *3 (E.D.N.Y. Feb. 3, 2017).

## II. No Meritorious Defense

To demonstrate the existence of a meritorious defense, the defaulting party need not establish his defense conclusively, but he must present credible evidence of facts that would constitute a complete defense. *See Enron Oil Corp*. 10 F.3d at 98. While such a defendant "need not conclusively establish the validity of the defense(s) asserted," *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983). The defendant "must, nonetheless, articulate a defense with a degree of specificity which directly relates that defense to the allegations set forth in the plaintiff's pleadings and raises a `serious question' as to the validity of those allegations." *DeCurtis v. Upward Bound Intern., Inc.*, No. 09-cv-5378, 2012 WL 4561127, at *8, 2012 U.S. Dist. LEXIS 143295, at *22 (S.D.N.Y. Sept. 27, 2012) (quoting *Salomon v. 1498 Third Realty Corp.*, 148 F.R.D. 127, 130 (S.D.N.Y. 1993)).

In the instant matter, Defendant does not articulate a defense to any degree of specificity. Defendant raises not actual question as to the validity of the allegations against him. Defendant merely states that he denies the allegation. This does not rise to the level of a meritorious defense.

### III.     Prejudice

Although these criteria must be applied keeping the Second Circuit's "strong preference for resolving disputes on the merits" in mind, *Brien v. Kullman Indus., Inc.,* 71 F.3d 1073, 1077 (2d Cir. 1995), courts also "have an interest in expediting litigation, [and] abuses of process may be prevented by enforcing those defaults that arise from egregious or deliberate conduct." *Am. All. Ins. Co. v. Eagle Ins. Co.,* 92 F.3d 57, 61 (2d Cir. 1998). Accordingly, an "absence of prejudice to the nondefaulting party would not in itself entitle the defaulting party to relief," leaving the court with "discretion to deny the motion to vacate [a default judgment] if it is persuaded that the default was willful and is unpersuaded that the defaulting party has a meritorious defense." *McNulty,* 137 F.3d at 738 (citing *Heckler,* 728 F.2d at 157, for the proposition that the same principles apply with respect to a motion to vacate an entry of default under Rule 55(c)). Courts have discretion to enforce defaults without a strong showing of prejudice "if . . . persuaded that the default was willful and is unpersuaded that the defaulting party has a meritorious defense." Id.; see also United Pet Grp., Inc. v. Axon US, Corp., No. 13-CV-126 WFK MDG, 2013 WL 5592617, at *4-*5 (E.D.N.Y. Oct. 10, 2013) (a showing of willful default or absence of a meritorious defense can alone be sufficient to warrant a denial of a motion to vacate entry of default). Given the strong showing of willfulness and the absence of any meritorious defenses, the lack of significant prejudice is not persuasive here. See Am. All. Ins. Co. v. Eagle Ins. Co., 92 F.3d 57, 61 (2d Cir. 1996) ("[A]buses of process may be prevented by enforcing those defaults that arise from egregious or deliberate conduct.").

Moreover, prejudice is existent in the instant matter, based on the facts within the complaint, it is possible and probable that any delay may thwart any attempt at recovery of the funds owed to Plaintiff, due to Defendant's ability to hide or transfer funds.  Additionally, it also may result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion. *See* Davis, 713 F.2d at 916 (citing 10A Charles A. Wright, et al., Fed. Practice & Procedure: Civil § 2699, at 169 (3d ed.1998)).

As such, Plaintiff requests that this Court deny Defendant Feerst's motion in its entirety.

Respectfully Submitted,

_____/s/_____
Jacob Z. Weinstein

cc: Defendant Barry Roy Feerst, esq. (*via ECF*)